UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KRZYSZTOF WOLEK, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:24-cv-657-GNS |
| UNIVERSITY OF LOUISVILLE | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Krzysztof Wolek ("Wolek"), by counsel, brings this action against Defendant, University of Louisville ("U of L"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e et. seq.; and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Wolek is a resident of Jefferson County, Kentucky, who, at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. The University of Louisville is a public university located in Jefferson County, Kentucky, which is within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5. Jurisdiction is conferred on Wolek's state law claims pursuant to 28 U.S.C.§1367 because his state law claims arises from the same common nucleus of operative facts as his federal law claims, and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. U of L is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS 344.030(2).

7. Wolek is an "employee," as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C. §2000e(f).

8. Wolek satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 24G-2023-00158) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his national origin, religious practices, and retaliation for engaging in a protected activity. Wolek received the required Notice of his Right to Sue on September 25, 2024, and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court pursuant to 28 U.S.C. §1391.

## IV. FACTUAL ALLEGATIONS

10. Wolek immigrated from Poland to the United States in or around 2001.

11. Wolek is Jewish.

12. On or around August 1, 2008, Wolek began working as a Music Professor at the University of Louisville School of Music.

13. At all relevant times, Wolek has met or exceeded Defendant's legitimate performance expectations. Notably, he has received excellent reviews during each review period.

14. Wolek is a tenured faculty member at the rank of Full Professor, the highest seniority rank offered by the university.

15. During a meeting on or around December 7, 2021, then-acting Grawemeyer Award Director Marc Satterwhite ("Satterwhite") announced his retirement. Wolek expressed his interest in the position to his colleagues during the same meeting. He expressed his interest in the position to Department Chair Jerry Tolson ("Tolson") during a meeting on December 8, 2021.

16. On or around December 8, 2021, Dr. Teresea Reed ("Dr. Reed"), Dean of the School of Music, met with the Composition and Creative Studies Concentration (CCS) and repeatedly singled Wolek out in front of his colleagues and supervisors at the Defendant's School of Music.

17. During a meeting on or around December 16, 2021, Wolek was unanimously nominated by CCS to take over the Grawemeyer Award Director position following Satterwhite's retirement.

18. On or around January 14, 2022, Wolek was the only eligible faculty member who was not offered the opportunity to vote on a new proposal within the School of Music. Wolek raised this as an issue to Professor Kimcherie Lloyd, head of the Undergraduate Studies committee, and requested to know why he wasn't included in the vote, but no action was taken.

19. On or around January 26, 2022, Satterwhite emailed the School of Music CCS faculty stating that no one had contacted Dr. Reed about succeeding Satterwhite as the Grawemeyer Director, and requested interested individuals contact Dr. Reed to express their interest. Wolek submitted his name for the Grawemeyer Award Director on January 26, 2022.

20.     On or around February 21, 2022, Department Chair Tolson announced that the position was awarded to Matt Ertz ("Ertz"), an American-born, non-Jewish individual, despite Wolek being unanimously nominated for the position by the CCS on December 16, 2021. Wolek later learned Ertz had not even submitted his name for consideration for the position.

21.     On or around February 22, 2022, Wolek replied to the announcement and expressed his concerns with the selection process. In response, Dr. Reed sent an email to the administration stating, "The message you received from Dr. Wolek is just the latest iteration of a pattern of behavior to which he resorts to canvassing support for his position when decisions are not to his liking."

22.     On or around July 7, 2022, Wolek received an email from Tolson requesting that Wolek assume the role of Coordinator for CCS. Wolek requested a meeting with Dr. Reed and Tolson in order to be on the same page about expectations of the position before he could accept. Tolson refused/failed to respond to Wolek's request.

23.     On or around August 10, 2022, Dr. Reed sent an email to Wolek asking if he was taking over as Coordinator for CCS. Wolek took this moment as an opportunity to ask Dr. Reed directly for a meeting. Dr. Reed refused/failed to respond to Wolek's request. As a result, Wolek was not appointed to the role, and instead, Tolson, an American-born, non-Jewish individual, appointed himself to this role for the 2022-2023 school year. Tolson was less qualified for this role. Dr. John Ritz ("Ritz"), an American-born, non-Jewish individual, received the appointment for the 2023-2024 school year. Dr. Ritz had less relevant experience than Wolek.

24.     On or around February 3, 2023, the position of New Music Festival Director became available. Wolek expressed his interest in the position to Tolson. Nothing came of Wolek expressing his interest in the open position, and on or around March 22, 2023, it was announced

that the position was filled by Ritz. Wolek was not offered the opportunity to apply for or be considered for the position.

25. On or around February 22, 2023, Wolek emailed Tolson and Dr. Reed expressing his concerns that the most recent administration of the Grawemeyer Award was not in compliance with the requisite policies and procedures, and requested a meeting to discuss his concerns. Wolek's email was sent pursuant to University Policy, which requires faculty members to report compliance concerns. Dr. Reed responded by demanding Wolek produce eleven (11) complex sets of information and evidence within twenty-four (24) hours. When Wolek expressed his inability to comply with these stringent demands and disagreed with how Dr. Reed reacted to his email expressing concerns, Dr. Reed responded in an adversarial and demeaning manner.

26. On or around March 7, 2023, Dr. Reed emailed the CCS faculty instructing them to "kindly refrain from discussing the [Grawemeyer] award's structure, rules, and procedures."

27. On or around March 26, 2023, Wolek emailed his colleague, Dr. Barry Johnson ("Dr. Johnson"), discussing his concerns with how judges were selected for the Grawemeyer Award.

28. On or around March 26, 2023, Wolek also emailed Tolson to engage in a protected activity. Wolek expressed his concerns about disparate treatment and discrimination based on his Jewish heritage and Polish national origin.

29. On or around March 28, 2023, Wolek received a request to engage in the Faculty Accountability Policy ("FAP") Investigation. The FAP request reiterated Dr. Reed's "request and expectation" to not discuss the Grawemeyer Award.

30. On or around April 1, 2023, Tolson emailed Wolek in response to his March 26, 2023, email claiming disparate treatment. His response was wholly unsatisfying. Tolson outright

denied Wolek's claims and stated that Wolek's concerns were "unfounded, distasteful, and a disturbing personal attack, which is unacceptable." No investigation or remedial action was taken in response to Wolek's complaint.

31.  On or around April 5, 2023, Wolek received FAP charges via email. Wolek was under investigation for his email to Dr. Johnson on March 26, 2023. The FAP charge called out Wolek's discussion of the Grawemeyer Award and alleged that Wolek's email to Dr. Johnson was "unprofessional and disruptive to the work environment."

32.  On or around April 23, 2023, Wolek filed an internal charge of discrimination. Wolek alleged discrimination and disparate treatment due to his national origin and Jewish heritage and retaliation for engaging in a protected activity. To date, no remedial action has been taken.

33.  On or around May 3, 2023, Tolson and Dr. Reed invited Wolek to an in-person meeting to discuss the results of the FAP investigation. Dr. Reed issued Wolek a verbal warning with the threat of further disciplinary action, up to and including termination. Throughout the meeting, Dr. Reed's door was open, allowing anyone passing by to hear what was being said and humiliating Wolek in the process. Tolson was present during the meeting despite recusing himself from the FAP process.

34.  On or around May 8, 2023, Wolek wrote an email to Dr. Reed appealing the FAP process and its findings. Later that day, Dr. Reed responded to Wolek's email and reconfirmed FAP's findings and stated that the matter was concluded.

35.  On August 4, 2023, Wolek learned that a junior, untenured colleague, Dr. John Ritz, was promoted to the CCS Concentration Coordinator position. Ritz is an American-born, non-Jewish individual. Wolek is a tenured faculty member at the rank of Full Professor, the highest seniority rank offered by the university.

36. On December 4, 2023, Wolek was denied the position of Department Chair. An untenured, junior colleague, Dr. Lorna Segall, was selected for the position. Segall is an American-born individual.

37. On October 9, 2024, Wolek's CCS colleague, Dr. Allison Ogden ("Ogden"), had arranged for a guest artist to speak at their colleague, Dr. Yunze Mu's, 4 p.m. class. Dr. Ogden had a conflict with the class time, and asked Dr. Wolek to assist the guest artist and be present for Dr. Mu's class that afternoon, and Wolek agreed. The class before Mu's class, taught by Double Bass Professor Sidney King ("King"), ran late and the classroom was left in disarray. Wolek asked one of the students from King's class about cleaning up the mess, to which the student said Wolek would have to speak to King.

38. King returned to the classroom, disrupting Dr. Mu's class, and asked to speak to Wolek. King told Wolek that everyone leaves a mess behind after their class, to which Wolek replied that he finds it rude to leave a mess behind for others to clean up.

39. On October 16, 2024, Wolek received an invitation from the new department Chair, Lorna Segall ("Segall"), to meet regarding "an incident." After further inquiry, Wolek learned the alleged "incident" occurred on October 9, 2024.

40. Wolek met with Segall on October 23, 2024. Wolek recalls politely explaining to Segall his view that is it disrespectful to expect others to clean up after you.

41. On November 1, 2024, Segall emailed Wolek to notify him that his behavior on October 9, 2024, was being reviewed pursuant to the Faculty Accountability Policy (FAP).

## V. CAUSES OF ACTION

## COUNT I: TITLE VII & KCRA – NATIONAL ORIGIN DISCRIMINATION

42. Wolek hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint as if the same were set forth at length herein.

43. Wolek was born in and immigrated from Poland.

44. Defendant discriminated against and subjected Wolek to a hostile work environment and disparate treatment due to his national origin.

45. Defendant's unlawful actions were intentional, willful, and in reckless disregard of Wolek's rights as protected by Title VII and the KCRA.

46. Wolek suffered and continues suffering damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII & KCRA – RELIGIOUS DISCRIMINATION

47. Wolek hereby incorporates paragraphs one (1) through forty-six (46) of his Complaint as if the same were set forth at length herein.

48. Wolek is a member of the Jewish faith.

49. Defendant discriminated against and subjected Wolek to a hostile work environment and disparate treatment due to his religious beliefs.

50. Defendant's actions were intentional, willful, and in reckless disregard of Wolek's rights as protected by Title VII and the KCRA.

51. Wolek suffered and continues suffering damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII & KCRA – RETALIATION

52. Wolek hereby incorporates paragraphs one (1) through fifty-one (51) of his Complaint as if the same were set forth at length herein.

53. Wolek engaged in a protected activity when he filed a grievance/complaint with Defendant and the EEOC for national origin and religious affiliation discrimination.

54. Defendant retaliated against and subjected Wolek to a hostile work environment and disparate treatment due to his engagement in a protected activity.

55. Defendant's actions were intentional, willful, and in reckless disregard of Wolek's rights as protected by Title VII and the KCRA.

56. Wolek suffered and continues suffering damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Krzysztof Wolek, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Award compensatory damages for violations of Title VII and the KCRA;

4. Award punitive damages for violations of Title VII;

5. Award all costs and attorney's fees incurred as a result of bringing this action;

6. Award pre-and post-judgment interest on all sums recoverable; and

7. Award all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Elizabeth Gatten*

Elizabeth Gatten (Atty No. 100651)
101 North Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Email: egatten@bdlegal.com
*Counsel for Plaintiff, Krzysztof Wolek*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Krzysztof Wolek, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Elizabeth Gatten*
Elizabeth Gatten (Atty No. 100651)
101 North Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Email: egatten@bdlegal.com
*Counsel for Plaintiff, Krzysztof Wolek*