UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-000657-GNS

KRZYSZTOF WOLEK                                                                                          PLAINTIFF

v.

UNIVERSITY OF LOUISVILLE                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 15). The motion is ripe for adjudication.

### I.      STATEMENT OF FACTS

Plaintiff Krzysztof Wolek ("Wolek") is a Jewish immigrant from Poland and has been employed by Defendant University of Louisville (the "University") since 2008. (Am. Compl. ¶¶ 9-11, DN 11). He is currently a tenured full professor at the University of Louisville School of Music. (Am. Compl. ¶ 13).

Wolek alleges that from December 2021 through October 2024 he experienced ongoing discriminatory treatment that created a hostile work environment and led to retaliation following his complaints. (Am. Compl. ¶¶ 14-55). In December 2021, Wolek expressed interest in serving as Director of the Grawemeyer Music Award, a position ultimately awarded to an allegedly less-experienced, American-born, non-Jewish colleague who had not applied. (Am. Compl. ¶¶ 14-19). In January 2022, Wolek claims to have been the only eligible faculty member excluded from participating in a school-wide vote, and that no action was taken to remedy this exclusion. (Am. Compl. ¶ 17). In mid-2022, he was offered but ultimately not appointed to serve as Coordinator

1

for Composition and Creative Studies; the role was instead filled first by the department chair and later by another allegedly less-qualified colleague. (Am. Compl. ¶¶ 20-22). In early 2023, he was again passed over for a leadership position—Director of the New Music Festival—in favor of the same colleague. (Am. Compl. ¶ 23).

Following multiple complaints about perceived discrimination and procedural irregularities, Wolek alleges that University administrators responded with hostility. (Am. Compl. ¶¶ 24-33). In March 2023, he explicitly raised concerns about disparate treatment based on religion and national origin. (Am. Compl. ¶¶ 26-27). Soon thereafter, Wolek was subjected to an investigation under the University's Faculty Accountability Policy, resulting in a public reprimand and threatened further discipline. (Am. Compl. ¶¶ 30-33).

Wolek contends that retaliatory treatment continued throughout 2023, including the denial of additional roles such as CCS Coordinator and Department Chair, which were awarded to junior, American-born faculty members. (Am. Compl. ¶¶ 34-35). In October 2024, Wolek was again placed under disciplinary review following a dispute with a colleague, which he asserts was part of an ongoing pattern of retaliation. (Am. Compl. ¶¶ 36-40).

On May 10, 2023, Wolek filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which he amended on February 13, 2024. (Am. Compl. ¶ 7). The EEOC issued a notice of right to sue on September 25, 2024, and Wolek initiated this action on November 13, 2024. (Am. Compl. ¶ 7). After Wolek filed his Amended Complaint, the University moved to dismiss, asserting that several claims are untimely, others fall outside the scope of the EEOC charge, and that the allegations fail to state plausible claims under Title VII. (Def.'s Mot. Dismiss 1-2).

## II.  JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV.  DISCUSSION

### A.  Failure to Exhaust Administrative Remedies

In its motion, the University seeks dismissal on two separate bases relating to Wolek's EEOC charge.[1] It asserts that: (i) any discriminatory act which occurred more than 300 days prior

---

[1] The University asserts that it was unaware of Wolek's amended EEOC charge until he filed the Amended Complaint. (Def.'s Mot. Dismiss 5 n.1).

to the filing of the charge is time-barred; and (ii) the Amended Complaint alleges discriminatory acts not included in the EEOC charge. (Def.'s Mot. Dismiss 7-11).

### 1. *Timeliness*

Under Title VII, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter from the EEOC as a prerequisite for filing suit in federal court. *See* 42 U.S.C. § 2000e-5(e)(1). When a state has an entity authorized to handle claims of discrimination, such a charge must be filed within 300 days of the alleged unlawful employment practice. *See Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 114-15 (2002). "The charge must describe generally the action or practices complained of in order to allow the agency to attempt to conciliate the matter and to put the defendant on notice of the nature of the claims." *Kinley v. Norfolk S. Railway Co.*, 230 F. Supp. 2d 770, 778 (E.D. Ky. 2002) (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). Because Kentucky is one of those states with an authorized agency, a plaintiff's failure to file a charge with 300 days generally results in any claim being barred. *See Kinley*, 230 F. Supp. 2d at 778.

An important exception relates to claims of hostile work environment under Title VII. "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Morgan*, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)). For this type of claim, the plaintiff "need only file a charge within [] [] 300 days of any act that is part of the hostile work environment." *Id.*

4

In support of its motion, the University points to allegations in Paragraphs 14-20, and 22 of the Amended Complaint, which relate to events occurring more than 300 days prior to the filing of the EEOC charge. (Def.'s Mot. Dismiss 8-9). To the extent that those alleged discrete acts of discrimination occurred prior to July 14, 2022, Wolek cannot rely on those events to support a disparate treatment claim, and the University's motion is granted. However, to the extent that Wolek is alleging a pattern of conduct that may support a hostile work environment claim and at least one of the acts occurred within 300 days of the filing of the charge, such a claim survives the University's 12(b)(6) motion.[2]

### 2. *Scope of EEOC Charge*

The University also contends that the Amended Complaint contains allegations of discriminatory conduct not raised in the EEOC charge. (Def.'s Mot. Dismiss 9-11). While presented as a separate argument, this issue relates to the timeliness of the assertion of alleged discriminatory acts, which is discussed above.

The motion addresses the claims in the Amended Complaint which the University believes are within the scope of the EEOC, without specifically identifying allegations it asserts are not included. (Def.'s Mot. Dismiss 10). To the extent that the University is asserting that any alleged retaliation claim arising after the filing of the EEOC charge is precluded, Wolek asserts that any retaliation claim is not barred even if it is omitted from the EEOC charge because "[c]ourts have held that retaliation growing out of the EEOC charge is reasonably foreseeable and therefore a plaintiff is not required to file yet another EEOC charge." (Pl.'s Resp. Def.'s Mot. Dismiss 5

---

[2] The University did not request the dismissal of any hostile work environment claim until its reply, which is improper and will not be considered. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 603 (E.D. Mich. 2021) (citing *United States v. Pham*, 872 F.3d 799, 802 (6th Cir. 2017)).

(quoting *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 474 (6th Cir. 2008))). As the Sixth Circuit has noted, "[t]his is because 'retaliation claims, by definition, arise after the filing of the EEOC charge, [and thus] this rule promotes efficiency by requiring only one filing.'" *Scott*, 275 F. App'x at 474 n.2 (second alteration in original) (quoting *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991)). Therefore, any alleged retaliation relating to the filing of an EEOC charge would not be barred for failure to exhaust administrative remedies even if the retaliation is not included in an EEOC charge. For these reasons, the University's motion is denied.

**B. <u>Sufficiency of Allegations</u>**

Besides exhaustion issues, the University argues that the Amended Complaint fails to state an adverse employment action caused by Wolek's national origin or religion, and fails to allege an adverse action. (Def.'s Mot. Dismiss 11-16). "[A]t the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case as is required under *McDonnell Douglas v. Green*, 411 U.S. 792 (1973)." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608-09 (6th Cir. 2012)). To satisfy the *Iqbal*/*Twombly* standard, "'[d]etailed factual allegations' are not necessary; a plaintiff need only 'allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference"' that an employer violated Title VII." *Johnson v. United Parcel Serv., Inc.*, No. 3:22-CV-00059, 2023 WL 2290275, at *2 (M.D. Tenn. Feb. 28, 2023) (quoting *Keys*, 684 F.3d at 610). The Court must ascertain whether the pleading "provides an adequate basis for a Title VII discrimination claim[.]" *Id.* (alteration in original) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012)).

1. *Discrimination Because of National Origin or Religion*

The University contends that Wolek has failed to allege that an adverse employment action was taken because of his national origin or religion. (Def.'s Mot. Dismiss 11-13). As this Court has noted, "[t]he central inquiry of a Title VII claim is whether an employer discriminated against an employee because of their race, color, religion, sex, or national origin." *Allen v. Univ. of Louisville Physicians, Inc.*, No. 3:23-CV-397-RGJ, 2024 WL 629848, at *2 (W.D. Ky. Feb. 14, 2024) (citing *Primm v. Dep't of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017)).

In making this argument, the University is construing the allegations too narrowly. More generally, Wolek has alleged that he was "subjected . . . to a hostile work environment and disparate treatment due to his national origin" and "due to his religious beliefs." (Am. Compl. ¶¶ 43, 48). Thus, in conjunction with the other, more specific allegations in the Amended Complaint, Wolek has plausibly alleged that discriminatory acts were committed against him because of his national origin and religion. Accordingly, the motion is denied on this basis.

2. *Adverse Employment Action*

Finally, the University moves for dismissal of the Amended Complaint because Wolek failed to plausibly allege that it took an adverse action against him to support either a disparate treatment or retaliation claim. (Def.'s Mot. Dismiss 13-15). It contends that "[t]here is no factual allegation that Wolek was ever discharged, suspended, demoted, subjected to disciplinary action, or that his pay, hours, or other terms and condition[s] of his employment have been negatively impacted in any way." (Def.'s Mot. Dismiss 14).

In support of its argument, the University points to the allegations relating to the Faculty Accountability Policy ("FAP") inquiry as being a non-disciplinary action. (Def.'s Mot. Dismiss

14). At this stage, however, the evidentiary record has not yet been developed to show the purpose of FAP or whether a FAP would have any impact on an employment decision made by the University. Thus, while the University may ultimately prevail on this issue at the summary-judgment stage, this issue cannot be resolved through a 12(b)(6) motion.

The University also challenges Wolek's assertion that he was deprived of administrative responsibilities or assignments. As the Sixth Circuit has noted, however:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461-62 (6th Cir. 2000) (citation omitted). In absence of a developed evidentiary record, the Court cannot make such a determination at this stage.

In addition, the Sixth Circuit has explicitly acknowledged that subjective evaluation processes can provide cover for discrimination and warrant particularly close scrutiny. *See Oliveira-Monte v. Vanderbilt Univ.*, No. 24-5768, 2025 WL 1579907, at *4 (6th Cir. June 4, 2025) (citing *Grano v. Dep't of Dev. of City of Columbus*, 699 F.2d 836, 837 (6th Cir. 1983) (per curiam)). In the context of a retaliation claim, "[a]n employment action is materially adverse if 'it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Flanigan v. Westrock Servs., LLC*, 704 F. Supp. 3d 807, 820 (N.D. Ohio 2023) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014)). Therefore, construing the Amended Complaint in the proper light, Wolek's allegations are sufficient to defeat a motion to dismiss.

The University alleges that Wolek failed to allege a *prima facie* case of discrimination based on a failure to promote. (Def.'s Mot. Dismiss 15). As noted above, the University is seeking

8

to impose a standard not required by *Iqbal*/*Twombly*. *See Ogbonna-McGruder*, 91 F.4th at 839 (citing *Keys*, 684 F.3d at 608-09).

For the reasons, the motion is denied to the extent that the University contends the Amended Complaint fails to allege an adverse employment action.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 15) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

August 20, 2025

cc: counsel of record